```
                IN THE DISTRICT COURT OF THE UNITED STATES
                  FOR THE DISTRICT OF SOUTH CAROLINA
                          GREENWOOD DIVISION
```

| | |
|---|---|
| David Ezell Simpson,            )<br>                                 )<br>                      Petitioner, )<br>                                 )<br>      v.                        )<br>                                 )<br> State of South Carolina,        )<br>                                 )<br>                      Respondent.)<br> _____ ) | Civil Action No. 8:06-2890-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The petitioner, a federal prisoner, seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry # 20) and the petitioner's motion for injunctive relief. (Docket Entry # 16.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 11, 2006. On March 26, 2007, the respondent filed a motion for summary judgment. By order filed March 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 27, 2007, the petitioner filed a response to the respondent's motion.

**FACTS**

When the petitioner filed this habeas action, he was incarcerated at the Federal Correctional Institution in Gilmer, West Virginia ("FCI-Gilmer"). Prior ro the imposition of his federal sentence, on July 11, 2002, the Chesterfield County Court of General Sessions indicted the petitioner for grand larceny (2002-GS-13-1447) and second degree burglary (2002-GS-13-1446). Thereafter, in August 2002, the petitioner, while out on bond for the state charges, was arrested on federal charges of money laundering, bank fraud, and conspiracy to commit credit card fraud. He was sentenced on these offenses to his current 78-month federal sentence on October 17, 2003. (Pet'r's Mem. Opp. Summ. J. Mot. Ex. at 1-2.)

On September 16, 2002, State Circuit Court Judge Paul Burch ordered that a bench warrant be issued for the arrest of the petitioner for "Failure to Appear for General Sessions Court."[1] On December 9, 2005, the Clerk of Court For Chesterfield County issued a bench warrant for the charge of "failure to appear for General Sessions Court" on September 16, 2002, and on that same day, the Chesterfield County Sheriff's Department filed a detainer with the BOP based upon the petitioner's bench warrant for failure to appear. (Resp't's Mot. Supp. Summ. J. Attach. 1 at 13; Pet'r's Mem. Opp. Summ. J. Mot. Ex. at 3.) The Sheriff attached only the bench warrant for failure to appear which had been issued December 9, 2005.

On December 22, 2005, pursuant to the Interstate Agreement on Detainers Act

---

[1] The petitioner alleges he did not appear because he was in federal custody.

("IAD"), 18 U.S.C. app. 2, the BOP sent the state Solicitor a request for disposition of untried charges listing the warrant of "Failure to Appear (Grand Larceny/ Burglary)." On April 5, 2006, the BOP sent a follow-up letter to the Solicitor. No action was taken by the Solicitor.

On September 21, 2006, the petitioner filed a "Motion to Resolve Conflict of Interest with the Sitting Judge" in the South Carolina Supreme Court. (*Id.* Attach. 2 at 5.) In his motion, the petitioner stated that he while in federal custody at FCI-Gilmer, a detainer notice for state charges was served on him on December 19, 2005. He stated that he had "filed a speedy motion for his trial and an I.A.D. in December 22, 2005." (*Id.*) He also contended that Judge Burch had a conflict of interest because the petitioner stated that the breaking and entering occurred at a building of Judge Burch's wife's friend. (*Id. at 6.*) On October 4, 2006, the South Carolina Supreme Court summarily dismissed the matter pursuant to *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991)(holding that, absent a question of significant public interest or extraordinary reason, the South Carolina Supreme Court will not entertain matters in its original jurisdiction when the mater could be brought in the trial court). (*Id.* Ex. 2 at 2.)

The petitioner then filed this habeas action in which he alleges the State of South Carolina failed to comply with the IAD. Specifically, he contends that, as a result, he is entitled to have the detainer and the underlying charges of grand larceny and burglary second degree dismissed because the State did not request temporary transfer under the IAD for the bench warrant for "failure to appear for General Sessions Court." He asserts

3

that these charges had to be disposed of within 180 days of his request to dispose of the detainer request that he made on December 22, 2005.

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

Initially, the court notes that this case now appears to be moot. Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. *Powell v. McCormick,* 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-699 (3d Cir.1996).

In filing his petition, the petitioner's ultimate goal was to have the South Carolina detainer lifted so that he could complete a drug program and possibly reap the benefit of

a reduction in his federal sentence (Resp't's Mem. Supp. Summ. J. Mot. Ex. 3 at 4) and/or to enter a Residential Release Center for the last part of his sentence.  (Pet'r's Mem. Opp. Summ. J. Mot. Ex. at 3).  It appears from the docket and record that the petitioner was released from prison this summer.  Several places in the record refer to the petitioner's release date as being in June 2007 or August 2007.  (Resp't's Mem. Supp. Summ. J. Mot. Attach. 1 at 12; Pet'r's Mem. Opp. Summ. J. Mot. Ex. at 1.)   Further, the docket reflects that the petitioner changed his address on June 25, 2007 (Docket Entry # 23),  and the petitioner is listed as no longer being in BOP custody on the BOP's website.  Assuming the petitioner has been released from prison, or placed in a halfway house, the petitioner's habeas petition now appears to be moot.  In any event, the Court will also address the merits of the petitioner's claims.

***Merits***

In this habeas action, the petitioner seeks to have his detainer dismissed which he alleges includes the charges of burglary and larceny.  The respondent does not object to the dismissal of the specific detainer for "failure to appear for General Sessions Court " based upon the bench warrant.  However, the respondent contends that dismissal of the grand larceny and second degree burglary charges, as the petitioner is seeking in this habeas action, is inappropriate.   The respondent contends these are different charges than the "failure to appear" charge.   The undersigned agrees.

Article III(a) of the IAD Act provides "a procedure by which a prisoner incarcerated in one [jurisdiction] may demand the speedy disposition of 'any untried indictment,

information or complaint on the basis of which a detainer has been lodged against the prisoner'[ ] by another [jurisdiction]."  *Carchman v. Nash*, 473 U.S. 716, 720 (1985).  The provision of the IAD Act requiring trial within 180 days after demand by the prisoner on any outstanding charge for which a detainer has been filed, see 18 U.S.C. App. s 2, art. III(a), has appropriately been characterized as a statutory right to speedy trial.  *See, e. g., Williams v. Maryland*, 445 F.Supp. 1216, 1222 (D.Md.1978).

Here, the petitioner filed a demand under the IAD for only the bench warrant as this was the only charge upon which the state had filed a detainer.   No action was taken on the bench warrant for failure to appear warrant within 180 days as required under the IAD. *United States v. Mauro*, 436 U.S. 340, 364 (1978) (holding failure to bring prisoner to trial within 180 days after proper request for trial is made requires that requested indictment against prisoner be dismissed).  However, a dismissal of failure to appear charge would have no effect on the State's ability to seek custody of the petitioner for a trial on the indictments for grand larceny and second degree burglary.  No specific detainer has been lodged concerning those particular indictments.  A detainer was filed only for the failure to appear charge.  The September 20, 2002 "failure to appear" was not the same charge as the underlying larceny and burglary charges and a detainer has been lodged only on the specific failure to appear charge.  Thus, the petitioner's request to have the larceny and burglary charges dismissed is without merit.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#20) be GRANTED and the Petition be DENIED and DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED, if the District Court adopts this report, that the Petitioner's Motion for Injunctive Relief (#16) be DENIED as moot.

IT IS SO RECOMMENDED.


                                                                s/Bruce Howe Hendricks
                                                                 United States Magistrate Judge

October 17, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).